**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | : | |
| **L A APPAREL, INC.,** | : | |
| **a/k/a LA APPAREL, INC.,** | : | |
| | : | |
| **Petitioner,** | : | **Case No.:** |
| **v.** | : | |
| | : | |
| **STRAIGHT A COMPANY, LP,** | : | |
| | : | |
| **Respondent.** | : | |

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner, L A Apparel, Inc., also known as LA Apparel, Inc. (hereinafter "LA"), by its undersigned attorneys and principal, respectfully petitions this Court for an Order and Judgment, pursuant to Sections 6 and 9 of the Federal Arbitration Act, 9 U.S.C. §1 et. seq., (a) confirming the Arbitration Award dated January 5, 2021 as modified on February 2, 2021; (b) entering Judgment thereon, pursuant to the Proposed Order and Judgment, and (c) granting Petitioner such other and further relief as this Court deems just and proper.  In support of this Petition, Petitioner alleges as follows:

## NATURE OF THE ACTION

1.      This is an action to confirm, enter Judgment upon, and enforce, an Arbitration Award rendered in the arbitration proceeding before the American Arbitration Association, captioned "Straight A Company, L.P., Claimant, against LA Apparel, Inc., Respondent," Case No. 01-19-0004-6511, pursuant to an Operating Agreement dated August 25, 1994, between Petitioner herein, LA, and Respondent herein, Straight A Company, LP ("Straight A").  On January 5, 2021 the Arbitrator, George J. Krueger, issued a "Final Award on the Merits in Favor of Respondent,

LA Apparel, Inc.", and on February 2, 2021 the Arbitrator issued a Modification of said Award (collectively, the "Arbitration Award").  LA now seeks confirmation and enforcement of the Arbitration Award,[1] in accordance with the Federal Arbitration Act, §§ 6 and 9.  Specifically, LA seeks an Order:

(a)     confirming the Arbitration Award, and directing that Judgment be entered thereon;

(b)     directing Respondent, Straight A, to immediately issue payments, from Concorde Apparel Company L.L.C.  to Petitioner, LA, for LA's share of the gross operating profits of Concorde Apparel Company, L.L.C. in the sum of $505,489.50 for 2018, and the sum of $527,585.50 for 2019, to which LA is entitled pursuant to the "New Baseline Formula," in accordance with the Arbitration Award;

(c)     directing Respondent, Straight A, to issue payments from Concorde Apparel Company L.L.C. to Petitioner, LA, for LA's share of the gross operating profits of Concorde Apparel Company, L.L.C. for 2020, and each year thereafter, to which LA is entitled pursuant to the "New Baseline Formula," in accordance with the Arbitration Award; and

(d)     granting such other and further relief as this Court deems just and proper, together with the costs and disbursements of this proceeding.

## THE PARTIES

2.     Petitioner, LA, is a New York corporation with its offices at 55 West 39th Street, New York, NY 10018.

---

[1] As noted, LA was the Respondent in the arbitration proceeding, but, as the prevailing party in the arbitration, is the Petitioner in this action to confirm the Arbitration Award.

3.      Respondent, Straight A, is a Pennsylvania limited partnership, with offices at 300 Brook Street, Scranton, PA 18505, and, upon information and belief, none of the partners of Straight A is a resident of New York State.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under 28 U.S.C. §1332(a)(1) because this is a civil action where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States, to wit, the Petitioner being a citizen of New York State and the Respondent being a citizen of the State of Pennsylvania.

5.      Venue is proper in this district pursuant to 28 U.S.C. §1391 as Respondent, Straight A, resides in this district, is subject to personal jurisdiction in this district, and the Hearings in this matter, although done through "Zoom" technology, were deemed to have taken place in Scranton, PA, by Stipulation of the Parties and Order of the Arbitrator dated September 22, 2020,

6.      The Federal Arbitration Act applies to this matter for the following reasons:

(a)      the arbitration proceedings were held under the Rules of the American Arbitration Association, and Rule R-52(c) reads: "Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof";

(b)      the parties are citizens of different States;

(c)      the parties hereto are equal Members of the company at issue in the arbitration – Concorde Apparel Company, L.L.C. ("Concorde") – and Petitioner operates, on

behalf of Concorde, out of New York City, and Respondent operates, on behalf of Concorde, out of Scranton, Pennsylvania; and

(d)     Concorde is a manufacturer/importer of finished men's garments, selling such garments throughout the United States.  Concorde's Operating Agreement (which contains the arbitration provision upon which the Arbitration was conducted) provides for the importation and sale of men's garments in interstate commerce, with Petitioner operating in New York and Respondent operating in Pennsylvania.

## THE ARBITRATION AGREEMENT

7.     LA and Straight A, as the sole and equal Members of Concorde, are parties to Concorde's Operating Agreement, dated August 25, 1994 (the "Operating Agreement").  A copy of the Operating Agreement is annexed hereto as ***Exhibit 1***.

8.     Pursuant to the Operating Agreement, the parties agreed to submit all disputes relating to their business together to binding arbitration.  Section 13.15 of the Operating Agreement reads, in pertinent part, as follows:

> 13.15. Without limiting the ability of a Member to give a notice of withdrawal at any time, the Members agree to submit to binding arbitration in accordance with this Section any issue relating to the operations of the Company as to which they cannot agree.

Section 13.15 further indicates that Myer Alperin would be the sole arbitrator in any such arbitration.  However, since Myer Alperin had passed away as of the time of the instant arbitration, Section 13.15 also reads:

> When Myer Alperin is not the arbitrator, the arbitrator shall be any person acceptable to both Members, provided, that if the Members are unable to agree on an arbitrator within ten (10) days after the need for such agreement shall have arisen, the arbitrator shall be selected in accordance with the rules of the American Arbitration Association.

## THE ARBITRATION PROCEEDINGS

9.      Straight A commenced the arbitration at issue by filing its Demand and Statement of Claim, dated December 31, 2019, with the American Arbitration Association, a copy of which (without exhibits) is annexed hereto as ***Exhibit 2***.  Among other things, Straight A sought an award from the arbitrator in the sum of $393,988.38 for 2018 and $351,145.14 for 2019.[2]

10.     LA filed its Answer to the Statement of Claim, dated March 3, 2020, a copy of which (without exhibits) is annexed hereto as ***Exhibit 3***.

11.     Pursuant to the Rules of the American Arbitration Association, a sole arbitrator, George Krueger, was appointed to hear the matter.  In accordance with Mr. Krueger's orders, documentary discovery was conducted, in which the parties exchanged documents prior to the hearings.

12.     As set forth in its Statement of Claim (***Exhibit 2***), Straight A commenced the arbitration proceeding to enforce two sections of the 1994 Concorde Operating Agreement that indicated how Concorde's gross profits were to be distributed (see, Sections 9.03 and 9.04 in ***Exhibit 1***).  However, LA asserted in its defense and Answer (***Exhibit 3***) that the formula set forth in Section 9.03 of the Operating Agreement (the "Waterfall Formula" as referred to by the Arbitrator), had been changed and amended as of 1997, and that, for at least 18-20 consecutive years, a different formula (called the "New Baseline Formula" in the Arbitration Award) had been used by the parties.

---

[2] Based upon the Arbitration Award, Straight A lost its claim, and LA is entitled to the minimum sum of $505,589.50 for 2018 and $527,586.00 for 2019.

13.     Thus, the parties asked the Arbitrator to determine which formula was applicable to distribute Concorde's profits for the years 2018, 2019 and beyond – the "Waterfall Formula" in the Operating Agreement, or the "New Baseline Formula" that the parties had used for 20 years.

14.     As set forth in paragraph 30 of Straight A's Statement of Claim (***Exhibit 2***), Straight A alleged that, "LA has breached the Operating Agreement by, among other things, failing to authorize the Company to distribute the gross profits of the Company as provided in Sections 9.03 and 9.04 of the Operating Agreement." However, to the contrary and as set forth in LA's Answer (¶ 35 of ***Exhibit 3***), LA sought "a determination by the Arbitrator that the Profits and Distribution formula was appropriately modified and to apply the modified formula to determine Profits and Distribution pursuant to same in an accurate accounting."

15.     Hence, the Arbitrator was asked, and had the authority, to determine the proper and applicable formula the parties must use for the distribution of gross profits of their company, Concorde, for the years 2018, 2019 and beyond.

## THE ARBITRATION AWARD

16.     As noted, during the course of the arbitration, the parties engaged in documentary discovery, exchanging numerous documents prior to the hearings. Thereafter, the arbitration hearings spanned three days, with three witnesses, over 700 pages of testimony, some 41 Exhibits, and Post-Hearing Briefs submitted by the parties. After the hearings were closed, on January 5, 2021, the Arbitrator issued his 11-page, single-spaced Award (***Exhibit 4***) titled "Final Award on the Merits in Favor of Respondent, LA Apparel, Inc.," citing not only the testimony and exhibits introduced at the hearings, but also relevant and applicable case law.

17.     Thereafter, there was a minor correction in the Award concerning the allocation of arbitration fees between the parties.  As a result of the Arbitrator having been unaware of prior payments made by LA for arbitration fees, the Arbitrator incorrectly computed the parties' respective sums to pay the fees to the American Arbitration Association and the compensation to the Arbitrator.  Thus, after having been made aware of this miscalculation, the Arbitrator issued his Modification of the Final Award, dated February 2, 2021 (the "Modification"), to correct the payments previously set forth on page 11 of the Final Award.  This correction did not, and does not, alter the substance of the Arbitration Award.  The Final Award along with the Modification (collectively referred to as the "Arbitration Award") are both annexed hereto as ***Exhibit 4***.

18.     Clearly, the Arbitration Award was a thorough, reasoned and substantiated Arbitration Award, and was in direct response to the relief sought by the parties in their respective Statement of Claim and Answer.  The Arbitrator set forth a "Preliminary Statement," identified "The Parties," cited to the applicable provisions of the Operating Agreement, recited the "Facts" and the "Parties' Contentions," set forth the "Legal Standard," and provided his detailed and thorough "Analysis," citing to testimony and documentary evidence.

19.     The Arbitrator then came to his "Conclusion," in which he held, on page 10 of the Final Award:

> Based upon the foregoing, I find by clear and convincing evidence that the parties first amended their Operating Agreement in 1997 by agreeing to allocate profits through the New Baseline, rather than through the Waterfall provisions of the Operating Agreement…  In sum, the clear and convincing evidence proves an intent by the parties to amend their Operating Agreement.  The entirety of the evidentiary record proves that the parties amended and modified the provisions of the Operating Agreement by replacing the Waterfall with the New Baseline, such that the Waterfall no longer reflected the intended manner of allocating Concorde's gross operating profits.

20.     And on page 11 of the Final Award, the Arbitrator issued his decision:

> I find that §9.03 of the Operating Agreement was amended such that the
> New Baseline reflects the manner by which the parties intended to allocate
> their gross operating profits.  As noted, the parties' gross operating profits
> for years 2018 and 2019 have not been distributed because of the parties'
> disputes.  My Award, therefore, orders and directs the parties to distribute
> their 2018 and 2019 gross operating profits (and all profits subsequent to
> 2019) pursuant to the New Baseline, i.e., granting the relief sought in ¶35
> and in the WHEREFORE of Respondent's Answer…

21.     As set forth in the accompanying Memorandum of Law, it is well-settled that a reviewing court may not second guess an arbitrator's resolution of a contract dispute, and that the arbitrator may essentially do justice as he sees it.  Additionally, an arbitration award cannot be vacated if there exists any plausible basis for it.

22.     In the matter at bar, the long and detailed Arbitration Award shows that (a) the Arbitrator had the authority to issue the Arbitration Award because the parties explicitly asked him to determine the particular issue that he decided; and (b) not only was there a plausible basis for the Arbitration Award, but the detailed Arbitration Award sets forth the entire factual and legal basis for it – which cannot be controverted.

23.     Therefore, there are absolutely no grounds to vacate the Arbitration Award, and the Arbitration Award must be confirmed.

24.     In addition, as part of the Judgment confirming the Arbitration Award, it is requested that this Court order Straight A to issue the payments due to LA for 2018 and 2019, as set forth in the testimony and exhibits introduced at the arbitration hearings, and as directed by the Arbitrator at page 11 of the Final Award, which as set forth in paragraph 20 above, states, in pertinent part:

"My Award, therefore, orders and directs the parties to distribute their 2018 and 2019 gross operating profits (and all profits subsequent to 2019)…"

25.     For 2018, Straight A should be ordered to issue payment from Concorde to LA in the sum of $505,489.50.  This sum is derived as follows:

(a)     Annexed hereto as *Exhibit 5* are pages 7 through 10 of the Post-Hearing Memorandum of Law of Straight A submitted to the Arbitrator, which include a chart for 2018 seeking an award of $393,988.38 to Straight A for 2018 (Straight A is referred to as the "Back End", and LA is referred to as the "Front End.").   However, Straight A's computation of $393,988.38 was based on the improper formula sought to be used by Straight A, that was invalidated by the Arbitrator.

(b)     The correct formula, the "New Baseline Formula" as upheld by the Arbitrator, is reflected in Appendix A to LA's Post-Hearing Memorandum of Law, a copy of which is annexed hereto as *Exhibit 6*.  This chart uses the same preliminary financial numbers for Concorde as in *Exhibit 5*, including the "Distribution before Profit Reserve and Commissions" ($3,249,430), the reduction therefrom of the 5% Profit Reserve ($822,130), and the resulting "Distribution Pool" of $2,427,300.  According to the New Baseline Formula upheld by the Arbitrator, after accounting for monies received during 2018 by LA, LA is entitled to a balance of $505,489.50 (with Straight A owed $102,139.50).

(c)     Therefore, the Judgment to be entered herein should include a direction that Straight A be ordered to issue payment from Concorde to LA for 2018 in the sum of $505,489.50.

26.     As for the year 2019, Straight A should be ordered to issue payment to LA, from Concorde, in the total sum of $527,585.50.  This sum is computed as follows:

(a)     *Exhibit 5* also includes a chart, from Straight A's Post-Hearing Memorandum of Law, for 2019, in which Straight A sought the sum of $351,145.14. However, again, Straight A's computation of $351,145.14 was based on the improper formula sought to be used by Straight A, that was invalidated by the Arbitrator.

(b)     The proper computation of the Members' respective shares of Concorde's profits, based on the "New Baseline Formula" as ordered by the Arbitrator, is reflected in Appendix B to LA's Post-Hearing Memorandum of Law, which is annexed hereto as *Exhibit 7*. Once again, LA's computation used the same Gross Profit Number of $3,882,295 as in Straight A's 2019 chart (*Exhibit 5* annexed hereto); the same "Distribution before Profit Reserve and Commissions" number of $2,853,326; and the same 5% Profit Reserve number of $860,089, leaving the same "Distribution Pool" of $1,993,237, of which Straight A was entitled to $1,032,107 – which it had already been paid for 2019 – and $961,130 due to LA, for which LA had already received $863,589, thereby leaving a balance due to LA of $97,541 for its share of the Distribution Pool for 2019.

(c)     However, whereas the parties had received their share of the 5% Profit Reserve for 2018, the parties have not yet received their share of the 5% Profit Reserve for 2019. It is undisputed that that total sum, as reflected in Straight A's chart for 2019 in *Exhibit 5*, and in LA's Appendix B chart, is $860,089, for which each party is entitled to half, or a total of $430,044.50 each. Therefore, LA is entitled to an order directing Straight A to issue payment from Concorde of the total sum of $527,585.50 for 2019 (the $97,541 plus $430,044.50).

**WHEREFORE**, LA Apparel, Inc. respectfully requests that this Court issue an Order:

(1)     confirming the Arbitration Award and directing that Judgment be entered thereon, pursuant to Federal Arbitration Act § 9;

(2)     directing Respondent, Straight A, to immediately issue payments, from Concorde to Petitioner, LA, for LA's share of the gross operating profits of Concorde, in the sum of $505,489.50 for 2018, and the sum of $527,585.50 for 2019, to which LA is entitled pursuant to the "New Baseline Formula," in accordance with the Arbitration Award;

(3)     directing Respondent, Straight A, to issue payments from Concorde to Petitioner, LA, for LA's share of the gross operating profits of Concorde Apparel Company, L.L.C. for 2020, and each year thereafter, to which LA is entitled pursuant to the "New Baseline Formula," in accordance with the Arbitration Award; and

(4)     granting such other and further relief as this Court deems just and proper, together with the costs and disbursements of this proceeding.

Dated: March 26, 2021

Respectfully submitted,

**GILDA L. KRAMER & ASSOCIATES, LLC**

By:     *Gilda L. Kramer*
            Gilda L. Kramer, Esq.
            822 Montgomery Avenue, Suite 314
            Narberth, PA 19072
            215 732-4055
            gkramer@gildakramer.com
            *Attorney for L A Apparel, Inc. a/k/a LA Apparel, Inc.*

OF COUNSEL:

SCHLACTER & ASSOCIATES
450 Seventh Avenue – Suite 1308
New York, NY 10123
212-695-2000
jed@schlacterassociates.com

KAUFMAN & SEROTA, P.C.
5 International Drive – Suite 110
Rye Brook, NY 10573
212-732-6366
stuart@serotalaw.com

## DECLARATION/VERIFICATION

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

LEE WATTENBERG, declares under 28 U.S.C. Section 1746, under penalty of perjury under the laws of the United States of America, that:

1.      I am the President of the Petitioner herein, L A Apparel, Inc., a/k/a LA Apparel, Inc. I have read the foregoing Petition and know the contents thereof, and the same is true to my own knowledge, except as to the matters alleged upon information and belief, and as to those matters, I believe them to be true. This Declaration/Verification is made by me because the Petitioner is a corporation and I am an officer of the Petitioner.

LEE WATTENBERG

Executed on March 26, 2021 in
New York, New York