UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| L A APPAREL, INC., | : | |
| a/k/a LA APPAREL, INC., | : | |
| | : | |
| Petitioner, | : | Case No.: |
| v. | : | |
| | : | |
| STRAIGHT A COMPANY, LP, | : | |
| | : | |
| Respondent. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PETITION
<u>TO CONFIRM ARBITRATION AWARD</u>**

Respectfully submitted,

**GILDA L. KRAMER & ASSOCIATES, LLC**
822 Montgomery Avenue, Suite 314
Narberth, PA 19072
215-732-4055
gkramer@gildakramer.com
*Attorney for L A Apparel, Inc. a/k/a LA Apparel, Inc.*

# TABLE OF CONTENTS

| | Page |
|---|---:|
| **TABLE OF CASES AND AUTHORITIES** …………………………………………... | -ii- |
| **INTRODUCTION** …………………………………………………………………… | 1 |
| **STATEMENT OF FACTS** ………………………………………………………….. | 1 |
| **ARGUMENTS** ……………………………………………………….................... | 4 |
|    <u>**POINT I**</u>**:**    **JURISDICTION** …………………………..………………………… | 4 |
|    <u>**POINT II**</u>**:**   **STANDARD OF REVIEW** ………………………………………….. | 6 |
|    <u>**POINT III**</u>**: THE ARBITRATION AWARD SHOULD BE CONFIRMED** ……… | 9 |
|    **CONCLUSION** ……………………………………………………………………. | 13 |

# TABLE OF CASES AND AUTHORITIES

                                                                     **Page(s)**

*Cases:*

*AAMCO Transmissions, LLC v. O'Neill*,
       2021 WL 214300 (E.D. Pa., January 21, 2021) ………………………………..    8

*Chesapeake Appalachia, L.L.C. v. Ostroski*,
       199 F.Supp.3d 912 (M.D. Pa. 2016) …………………………………………….    5

*Citizens Bank v. Alafabco, Inc.*,
       539 U.S. 52, 123 S.Ct. 2037, 156 L.Ed.2d 46 (2003) ………………………..    5

*France v. Bernstein*,
       2020 WL 6381454 (M.D. Pa., October 30, 2020) …………………………….    9

*Hall Street Associates L.L.C. v. Mattel, Inc.*,
       552 U.S. 576, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008) ……………………..    8

*Handley v. Chase Bank USA NA*,
       2010 WL 2780964 (3d Cir., July 15, 2010) ……………………………………    8

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Milnes*,
       2014 WL 1386321 (E.D. Pa., April 8, 2014) …………………………………...    7, 8

*Mobil Oil Corp. v. Indep. Oil Workers Union*,
       679 F.2d 299 (3d Cir. 1982) ……………………………………………………..    9

*Old Colony Trust Co. v. City of Omaha*,
       230 U.S. 100 (1913) ……………………………………………………………..    12

*Southco, Inc. v. Reell Precision Mfg. Corp.*,
       331 Fed. Appx. 925, 2009 WL 1668608 (3d Cir., June 16, 2009) …………..    8, 9, 12

*Sutter v. Oxford Health Plans LLC*,
       675 F.3d 215 (3d Cir. 2012) ……………………………………………………..    7, 10

*Teamsters Local 177 v. United Parcel Service*,
       966 F.3d 245 (3d Cir. 2020) ……………………………………………………..    4

*United Transp. Union Local 1589 v. Suburban Transit Corp.*,
       51 F.3d 376 (3d Cir. 1995) ……………………………………………………....    8

# TABLE OF CASES AND AUTHORITIES (cont.)

Page(s)

***STATUTES*:**

9 U.S.C. § 2 …………………………………………………………………….. 5

9 U.S.C. § 6 …………………………………………………………………….. 4

9 U.S.C. § 9 …………………………………………………………………….. 4

9 U.S.C. § 10 …………………………………………………………………… 6, 7

9 U.S.C. § 11 …………………………………………………………………… 7

42 PA. C.S.A. § 7341 …………………………………………………………... 9

# INTRODUCTION

This Memorandum of Law is submitted on behalf of Petitioner, L A Apparel, Inc., also known as LA Apparel, Inc. (hereinafter "LA") in support of the instant Petition seeking to confirm the Arbitration Award dated January 5, 2021, as amended by the Modification of Award dated February 2, 2021 (collectively referred to as the "Arbitration Award").

For the reasons set forth herein, and in the supporting Petition, it is respectfully submitted that the Arbitration Award should be confirmed, and that Petitioner should have Judgment against Respondent, Straight A Company, LP ("Straight A"), in accordance with the Arbitration Award.

# STATEMENT OF FACTS

This Court is respectfully referred to the accompanying Petition, and the Exhibits annexed thereto, for a full recitation of the facts involved herein. Nonetheless, briefly, this Petition arises from an Award of the Arbitrator in proceedings commenced before the American Arbitration Association, by Straight A against LA, captioned "Straight A Company, LP, Claimant, against LA Apparel, Inc., Respondent," American Arbitration Association Case No. 01-19-0004-6511. Straight A's Statement of Claim and Demand for Arbitration is annexed to the moving Petition as *Exhibit 2*. LA's Answer to the Statement of Claim is annexed to the Petition as *Exhibit 3*.

Straight A and LA are, and always have been, the sole Members of a firm called Concorde Apparel Company, L.L.C. ("Concorde"), each owning fifty percent (50%) of Concorde's Membership Interests. The arbitration concerned a dispute as to the allocation of Concorde's gross profits amongst Straight A and LA for 2018, 2019 and beyond, which allocation was referenced in specific provisions of Concorde's 1994 Operating Agreement (*Exhibit 1* to the Petition).

1

Three days of hearings were held in the arbitration, with three witnesses and some forty-one documentary exhibits presented by both parties, along with Post-Hearing Briefs. On January 5, 2021 the sole Arbitrator, George J. Krueger, issued his "Final Award on the Merits in Favor of Respondent, LA Apparel, Inc." (the "Final Award"), a copy of which is annexed to the Petition in ***Exhibit 4***, in which he cited not only the testimony of the witnesses, but also the exhibits introduced at the hearings, as well as relevant and applicable case law.

As set forth in Point III *infra*, the Arbitrator ruled in favor of LA, concluding that the "New Baseline Formula" that the parties had been utilizing for the past 20 years should continue to be used to allocate Concorde's profits amongst its Members, LA and Straight A, for 2018 and beyond. Moreover, the Arbitrator ordered and directed, *inter alia*, the parties to distribute Concorde's 2018 and 2019 profits accordingly.

Thereafter, there was a minor correction of the Final Award concerning the arbitration fees. As a result of the Arbitrator having been unaware of prior payments made by LA for arbitration fees, the Arbitrator incorrectly computed the parties' respective sums due for the fees to the American Arbitration Association and the compensation to the Arbitrator. Thus, after having been made aware of this miscalculation, the Arbitrator issued his Modification of the Award, dated February 2, 2021 (the "Modification"), to correct the payments previously set forth on page 11 of the Final Award. This correction did not, and does not, alter the substance of the Arbitration Award. The original Final Award along with the Modification are hereinafter collectively referred to as the "Award" and are both part of ***Exhibit 4***.

In accordance with the Rules of the American Arbitration Association (Rule R-52(c)): "Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."

Therefore, Petitioner, LA, herein moves for an Order and Judgment granting the following relief:

(a)  confirming the Arbitration Award, and directing that Judgment be entered thereon;

(b)  directing Respondent, Straight A, to immediately issue payments, from Concorde Apparel Company L.L.C. to Petitioner, LA, for LA's share of the gross operating profits of Concorde Apparel Company, L.L.C. in the sum of $505,489.50 for 2018, and the sum of $527,585.50 for 2019, to which LA is entitled pursuant to the "New Baseline Formula," in accordance with the Arbitration Award;

(c)  directing Respondent, Straight A, to issue payments from Concorde Apparel Company L.L.C. to Petitioner, LA, for LA's share of the gross operating profits of Concorde Apparel Company, L.L.C. for 2020, and each year thereafter, to which LA is entitled pursuant to the "New Baseline Formula," in accordance with the Arbitration Award; and

(d)  granting such other and further relief as this Court deems just and proper, together with the costs and disbursements of this proceeding.

# ARGUMENTS

## POINT I

## JURISDICTION

The instant Petition is brought pursuant to Sections 6 and 9 of the Federal Arbitration Act, (9 U.S.C. §§ 6 and 9).

As set forth in the Petition, the Operating Agreement involved in this matter (*Exhibit 1*) contains an arbitration provision in Section 13.15. Section 13.15 does not specify a court in which a petition to confirm an arbitration award should be filed. However, since the arbitration was commenced by Straight A pursuant to the Rules of the American Arbitration Association, Rule R-52(c) applies to this matter, which, as noted above, reads: "Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."

Section 9 of the Federal Arbitration Act (9 U.S.C. § 9) states, in pertinent part, that "[i]f no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made." Since the situs of the arbitration was in Scranton, Pennsylvania, as per the Stipulation of the Parties and the Order of the Arbitrator dated September 20, 2020, the U.S. District Court for the Middle District of Pennsylvania is the proper federal court for this Petition to be filed. In addition, this Court has the power and right to confirm the Arbitration Award at issue herein through this summary proceeding. *Teamsters Local 177 v. United Parcel Service*, 966 F.3d 245 (3d Cir. 2020).

Furthermore, this Court has diversity jurisdiction over the parties. Petitioner is a New York corporation, with offices at 55 West 39th Street, New York, NY, and Respondent is a Pennsylvania

limited partnership, with offices at 300 Brook Street, Scranton, PA. Upon information and belief, none of the Respondent's partners are residents of New York. The matter at issue also exceeds the sum of $75,000 exclusive of interest and costs, as the Respondent had sought the sum of $745,133.52 in the arbitration, and pursuant to the Arbitration Award, Petitioner is entitled to at least $1,033,075.00.

In addition, this matter involves interstate commerce. As set forth in 9 U.S.C. § 2, "A written provision in any … contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction …shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." And as stated by the United States Supreme Court in *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56, 123 S.Ct. 2037, 156 L.Ed.2d 46 (2003):

> We have interpreted the term 'involving commerce' in the FAA as the functional equivalent of the more familiar term 'affecting commerce' – words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power. [cite omitted]. Because the statute provides for 'the enforcement of arbitration agreements within the full reach of the Commerce Clause,' [cite omitted] it is perfectly clear that the FAA encompasses a wider range of transactions than those actually 'in commerce' – that is, 'within the flow of interstate commerce.' [cite omitted]

*See also*, *Chesapeake Appalachia, L.L.C. v. Ostroski*, 199 F.Supp.3d 912 (M.D. Pa. 2016).

In the instant matter, interstate commerce is evidenced by the following:

    (a)    the parties are citizens of different States;

    (b)    the parties hereto are equal Members of the company at issue in the arbitration – Concorde – and Petitioner operates, on behalf of Concorde, out of New York City, and Respondent operates, on behalf of Concorde, out of Scranton, Pennsylvania; and

5

(c) Concorde is a manufacturer/importer of finished men's garments, selling such garments throughout the United States. Concorde's Operating Agreement (which contains the arbitration provision upon which the Arbitration was conducted) provides for the importation and sale of men's garments in interstate commerce, with Petitioner operating in New York and Respondent operating in Pennsylvania.

Hence, there is an agreement between two parties of different States, to undertake a business involved in interstate commerce – to wit, importing, manufacturing and selling men's garments throughout the United States. Jurisdiction is therefore proper in this Court, as is venue, since Respondent is located in Scranton, PA.

## POINT II

## STANDARD OF REVIEW

In accordance with Section 9 of the Federal Arbitration Act ("FAA"), an arbitration award can only be vacated, modified or corrected as set forth in Sections 10 or 11 of the FAA. If those sections are inapplicable, then this Court "must grant an order" confirming the award.

Section 10 of the FAA reads, in pertinent part, as follows:

(a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration –

    (1) where the award was procured by corruption, fraud, or undue means;

    (2) where there was evident partiality or corruption in the arbitrators, or either of them;

    (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Section 11 of the FAA reads as follows:

> In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration—
>
> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.
>
> The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

Under the FAA, the court begins with the presumption that the arbitration award is enforceable, and the court is to use a very "deferential standard of review" when analyzing an arbitration award. *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 219 (3d Cir. 2012). "When parties agree to resolve their disputes before an arbitrator without involving the courts, the courts will enforce the bargains implicit in such agreements by enforcing arbitration awards absent a reason to doubt the authority or integrity of the arbitral forum." *Id*. at 219. The *Sutter* court also stated: "In other words, the task of an arbitrator is to interpret and enforce a contract. When he makes a good faith attempt to do so, even serious errors of law or fact will not subject his award to vacatur." *Id*. at 220. *See also*, *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Milnes*, 2014 WL 1386321 (E.D. Pa., April 8, 2014). As set forth in *Merrill Lynch, supra* at *2:

> The role of the court is not to correct factual or legal errors made by an arbitrator. ("[T]he arbitrator's improvident, even silly, factfinding does not provide a basis for a reviewing court to refuse to enforce the award.") (internal quotation omitted). "The Third Circuit has made [it] clear that an award will be vacated only if there is 'absolutely no support at all in the record justifying the arbitrator's determination.'" (citations omitted).

*See also*, *Handley v. Chase Bank USA NA*, 2010 WL 2780964, at *2 (3d Cir., July 15, 2010) ("The party seeking to overturn an award bears a heavy burden, as these are 'exceedingly narrow circumstances,' *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir. 2003), and courts accord arbitration decisions exceptional deference."); *Hall Street Associates L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008) ("On application for an order confirming the arbitration award, the court 'must grant' the order 'unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.' There is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies."); *AAMCO Transmissions, LLC v. O'Neill*, 2021 WL 214300, at*1 (E.D. Pa., January 21, 2021) ("A district court's role in the arbitration process is limited. '[W]hen enforcement of an arbitration award is sought … the [Federal Arbitration Act] authorizes the district court to confirm, vacate, or modify the award under a narrow scope of judicial review.'") (citations omitted); *United Transp. Union Local 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995) ("there must be absolutely no support at all in the record justifying the arbitrator's determinations for a court to deny enforcement of an award.") (citation omitted).

Moreover, "If the arbitrator's interpretation [of the agreement] can in any rational way be derived from the agreement, courts must enforce the award.). If the arbitrators' award draws its essence from the agreement, then they did not exceed their powers." *Southco, Inc. v. Reell Precision Mfg. Corp.*, 331 Fed. Appx. 925, 928, 2009 WL 1668608 at *3 (3d Cir., June 16, 2009)

(internal quotation marks omitted), quoting and citing *Mobil Oil Corp. v. Indep. Oil Workers Union*, 679 F.2d 299, 302 (3d Cir. 1982).

The *Southco* Court continued: "Even if the Arbitrators erred in their interpretation of the Agreement, a mere error is not enough to justify vacating the Award. Because the Arbitrators' decision is based on a reasoned interpretation of the Agreement, we conclude that the decision was rationally derived from the Agreement, and we will affirm the District Court's judgment confirming the Award." *Id*. at *4. *See also*, *France v. Bernstein*, 2020 WL 6381454, at *4 (M.D. Pa., October 30, 2020) ["…where the parties have agreed to submit their claims to arbitration, 'it is the arbitrator's view of the facts ... that they have agreed to accept.'" (citation omitted)].

Lastly, even under Pennsylvania law (where the arbitration was deemed to have taken place), pursuant to 42 PA. C.S.A. §7341, an arbitration may not be vacated "unless it is shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award."[1]

## POINT III

## THE ARBITRATION AWARD SHOULD BE CONFIRMED

In the matter at bar, Straight A had commenced the arbitration proceeding (***Exhibit 2***) seeking to enforce two sections of the 1994 Concorde Operating Agreement that indicated how Concorde's gross profits were to be distributed (see, Sections 9.03 and 9.04 in ***Exhibit 1***). However, LA asserted in its defense and Answer (***Exhibit 3***) that the formula set forth in Section

---

[1] If Pennsylvania law were applicable, the enforcement of the Arbitration Award would be under the common law arbitration provisions of the Pennsylvania statutes (Pa. C.S.A. §7341), since the arbitration provision in the Operating Agreement did not specify that any arbitration would be pursuant to the statutory arbitration provisions of the Pennsylvania Uniform Arbitration Act (see e.g., 42 Pa. C.S.A. §§7302-7320).

9.03 of the Operating Agreement (the "Waterfall Formula" as referred to by the Arbitrator), had been changed and amended as of 1997, and that for at least 18-20 consecutive years, a different formula (referred to by LA as the "Amended Formula", but called the "New Baseline Formula" in the Arbitration Award) had been used by the parties.

Thus, the parties asked the Arbitrator to determine which formula was applicable to distribute Concorde's profits for the years 2018, 2019 and beyond – the "Waterfall Formula" in the Operating Agreement, or the "New Baseline Formula" that the parties had used for 20 years.

As alleged by Straight A in paragraph 30 of its Statement of Claim: "LA has breached the Operating Agreement by, among other things, failing to authorize the Company to distribute the gross profits of the Company as provided in Sections 9.03 and 9.04 of the Operating Agreement." To the contrary, however, as set forth in LA's Answer (¶ 35), LA sought "a determination by the Arbitrator that the Profits and Distribution formula was appropriately modified and to apply the modified formula to determine Profits and Distribution pursuant to same in an accurate accounting."

Hence, the Arbitrator was asked, and had the authority, to determine the proper and applicable formula between the parties for the distribution of gross profits of their company, Concorde, for the years 2018, 2019 and beyond. "In other words, the task of an arbitrator is to interpret and enforce a contract. When he makes a good faith attempt to do so, even serious errors of law or fact will not subject his award to vacatur." *Sutter, supra,* 675 F.3d at 219 (3d Cir. 2012).

In the instant case, the Arbitration Award is far from irrational – the Award is 11-pages in length (single-spaced), thorough, well-reasoned, and in direct response to the relief sought by the parties in their respective Statement of Claim and Answer. Moreover, the Arbitration Award is

based on extensive arbitration proceedings in this case. First, the parties exchanged numerous documents and submitted Pre-Hearing Briefs to the Arbitrator. The arbitration hearings themselves spanned three days, with over 700 pages of testimony given by three witnesses, and some 41 exhibits were introduced therein. And, after the hearings were closed, in response to the Arbitrator's request, the parties submitted Post-Hearing Briefs.

Thereafter, on January 5, 2021, the Arbitrator rendered an 11-page, single-spaced Final Award (in ***Exhibit 4***) (citing testimony and exhibits introduced at the hearings, as well as relevant case law), and came to the conclusion that the "Waterfall Formula" in the 1994 Operating Agreement was replaced and modified by the parties' subsequent 20-year use of the "New Baseline Formula."

In his Final Award, the Arbitrator set forth a "Preliminary Statement," identified "The Parties," cited to the applicable provisions of the Operating Agreement, recited the "Facts" and the "Parties' Contentions," set forth the "Legal Standard," and provided his detailed and thorough "Analysis," citing to testimony and documentary evidence. The Arbitrator then came to his "Conclusion", in which he held, on page 10 of the Final Award:

> Based upon the foregoing, I find by clear and convincing evidence that the parties first amended their Operating Agreement in 1997 by agreeing to allocate profits through the New Baseline, rather than through the Waterfall provisions of the Operating Agreement… In sum, the clear and convincing evidence proves an intent by the parties to amend their Operating Agreement. The entirety of the evidentiary record proves that the parties amended and modified the provisions of the Operating Agreement by replacing the Waterfall with the New Baseline, such that the Waterfall no longer reflected the intended manner of allocating Concorde's gross operating profits.

And at page 11 of the Final Award, the Arbitrator issued his ultimate finding:

> I find that §9.03 of the Operating Agreement was amended such that the New Baseline reflects the manner by which the parties intended to allocate

11

> their gross operating profits. As noted, the parties' gross operating profits for years 2018 and 2019 have not been distributed because of the parties' disputes. **My Award, therefore, orders and directs the parties to distribute their 2018 and 2019 gross operating profits (and all profits subsequent to 2019) pursuant to the New Baseline**, i.e., granting the relief sought in ¶35 and in the WHEREFORE of Respondent's Answer … (emphasis added)

The Arbitration Award is in conformity with the well-recognized principle that the parties' course of performance is of great significance in interpreting a contract. As the United States Supreme Court has held:

> Generally speaking, the practical interpretation of a contract by the parties to it for any considerable period of time before it comes to be the subject of controversy is deemed of great, if not controlling, influence.

*Old Colony Trust Co. v. City of Omaha*, 230 U.S. 100, 118 (1913) (citations omitted).

In the arbitration at issue herein, the Arbitrator carefully reviewed the facts, applied the law, and rendered an extremely detailed and well-reasoned decision and Award. As set forth in *Southco, Inc. v. Reell, supra,* 2009 WL 1668608, at *3 (3d Cir. June 16, 2009), "([I]f the arbitrator's 'interpretation [of the agreement] can in any rational way be derived from the agreement, courts must enforce the award.").

In the matter at bar, the Arbitration Award shows that (a) the Arbitrator had the authority to issue the Arbitration Award because the parties explicitly asked him to determine the particular issue that he decided; and (b) not only was there a plausible basis for the Arbitration Award, but the detailed Arbitration Award sets forth the entire factual and legal basis for it – which cannot be controverted.

Therefore, there are absolutely no grounds to vacate the Arbitration Award, and the Arbitration Award must be confirmed.

## CONCLUSION

For the reasons set forth herein, and in the accompanying Petition and the Exhibits annexed thereto, Petitioner, L A Apparel, Inc., a/k/a LA Apparel, Inc., respectfully requests that this Court grant the instant Petition, and issue an Order as follows:

(a) confirming the Arbitration Award, and directing that Judgment be entered thereon;

(b) directing Respondent, Straight A, to immediately issue payments, from Concorde Apparel Company L.L.C. to Petitioner, LA, for LA's share of the gross operating profits of Concorde Apparel Company, L.L.C. in the sum of $505,489.50 for 2018, and the sum of $527,585.50 for 2019, to which LA is entitled pursuant to the "New Baseline Formula," in accordance with the Arbitration Award.

(c) directing Respondent, Straight A, to issue payments from Concorde Apparel Company L.L.C. to Petitioner, LA, for LA's share of the gross operating profits of Concorde Apparel Company, L.L.C. for 2020, and each year thereafter, to which LA is entitled pursuant to the "New Baseline Formula," in accordance with the Arbitration Award; and

(d) granting such other and further relief as this Court deems just and proper, together with the costs and disbursements of this proceeding.

Dated: April 2, 2021

Respectfully submitted,

**GILDA L. KRAMER & ASSOCIATES, LLC**

By: *Gilda L. Kramer*
     Gilda L. Kramer, Esq.
822 Montgomery Avenue, Suite 314
Narberth, PA 19072
215 732-4055
gkramer@gildakramer.com
*Attorney for L A Apparel, Inc. a/k/a LA Apparel, Inc.*

OF COUNSEL:

SCHLACTER & ASSOCIATES
450 Seventh Avenue – Suite 1308
New York, NY 10123
212-695-2000
jed@schlacterassociates.com

KAUFMAN & SEROTA, P.C.
5 International Drive – Suite 110
Rye Brook, NY 10573
212-732-6366
stuart@serotalaw.com